**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEROY MOORE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-6751 (JLL) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MIDDLESEX COUNTY PROSECUTOR'S | : | |
| OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**LINARES**, District Judge:

Currently before the Court is the complaint of Plaintiff, Leroy Moore.   (ECF No. 1).     As Plaintiff has previously satisfied the filing fee for the instant claims under docket number 11-281, no further filing fee is necessary for the filing of Plaintiff's current complaint.   Because Plaintiff is a convicted state prisoner seeking damages from governmental entities and the employees of such entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune.   For the reasons set forth below, this Court will dismiss Plaintiff's complaint as time-barred and for failure to state a claim for which relief may be granted.

## I.  BACKGROUND

All of Plaintiff's claims arise out of the search of his home on August 28, 2009, and the prosecution which followed that search.   Plaintiff alleges that, on that date, several employees of the Middlesex County Prosecutor's Office, including Defendants Joseph Celentano, Craig Marchak, Ivan Scott, and Investigator Rodriguez, as well as several Carteret Police Officers, including Defendants Larissa Berrios and Michael Dammaan, searched his home pursuant to a search warrant obtained by Celentano.   (ECF No. 1 at 5-6).   An Investigator Ellmyer of the Edison Police Department, who is also named as a Defendant, also accompanied the officers during this search, as did an unrestricted police dog.   (Document 1 attached to ECF No. 1 at 4-5) According to Plaintiff, Celentano secured this warrant either by forging the signature of a judge onto the warrant, or by making false statements in his application for a search warrant.   (ECF No. 1 at 5-6; Document 1 attached to ECF No. 1 at 4).   Plaintiff alleges that, during this allegedly illegal search, Defendants destroyed some unspecified property that had been contained in his home.   (ECF No. 1 at 5-6).   Following the search, Plaintiff was allegedly arrested and imprisoned by Defendants Berrios and Dammaan.   (Document 1 attached to ECF No. 1 at 2).

Plaintiff also alleges that Plaintiff Celentano conspired with prosecutor Christopher Kuberiet and Valarie Lispano, who is employed by the Rutgers Police Department according to Plaintiff's complaint, to maliciously prosecute him.   (*Id.* at 3).   Plaintiff specifically alleges that Kuberiet "went to the Grand Jury alleging th[at P]laintiff sold drugs to [Defendant] Lispano when he was fully aware that plaintiff was never ever charged, arrested and/or arraigned" for any such sales previously.   (*Id.*).   Plaintiff further alleges that Kuberiet later admitted to Plaintiff's lawyer and a New Jersey Superior Court Judge that information contained in the search warrant prepared

by Defendant Celentano contained false information.   (*Id.*).   Plaintiff alleges that the false information reported by Celentano, and the alleged false information regarding drug sales to Lispano, form the basis of the conspiracy to maliciously prosecute him.   (*Id.* at 4).   Although Plaintiff alleges that an indictment was returned on this charge, he provides no information in his current complaint regarding the termination of that indictment.   (*Id.*).   In addition to the above mentioned Defendants, Plaintiff also names as Defendants Middlesex County Prosecutor Bruce Kaplan and his Office, the Borough of Carteret and the Carteret Police Department, the Edison Police Department, the Borough of Edison, and the Rutgers Police Department under a theory of supervisory liability based on the failure to supervise or train the various Defendants named above. (*Id.* at 4-5).   Plaintiff, however, provides no allegations as to how these Defendants failed to train or supervise the various Defendants.

The current complaint, however, is not Plaintiff's first attempt at bringing claims related to the August 2009 search and related prosecution.   Plaintiff has, on at least four prior occasions, filed complaints related to this same series of events.   *See Franklin v. Borough of Carteret*, No. 10-1467; *Moore v. Dow*, No. 11-281; *Moore v. Middlesex County Prosecutor's Office*, No. 11-6198; *Moore v. Middlesex County Prosecutor's Office*, No. 11-3879.   The most directly significant prior case in this matter is *Moore v. Dow*, No. 11-281.   Petitioner initially filed a complaint in that matter on or about January 18, 2011, which raised similar, if not identical, claims to those he raises here.   (No. 11-281 at ECF No. 1).   This Court screened that complaint and dismissed without prejudice Plaintiff's supervisory claims, Petitioner's malicious prosecution claims, and excessive force claims on June 2, 2011.   (No. 11-281 at ECF No. 18-19).   The matter was thereafter stayed pending the conclusion of Plaintiff's related criminal matter.   (No. 11-281

3

at ECF No. 20).   On January 17, 2012, that action was consolidated with action No. 11-6198. (No. 11-281 at ECF no. 52).   On November 19, 2012, this Court entered an order lifting the stay and granting the defendants in the consolidated cases leave to file summary judgment motions. (No. 11-281 at ECF No. 70).   The defendants so moved, and this Court granted the motions on September 19, 2013.   (No. 11-281 at ECF No. 106, 107).   This Court therefore entered judgment in favor of the defendants in No. 11-6198, and dismissed without prejudice the complaint in No. 11-281 as Plaintiff was not entitled to proceed *in forma pauperis*.   (*Id.*).

In July of 2015, nearly two years after No. 11-281 had been dismissed, Plaintiff submitted a letter request asking this Court to permit him to pay the remaining fee for No. 11-281 and to reopen his case.   (No. 11-281 at ECF No. 110, 111).   On August 24, 2015, this Court entered an order granting that request only to the extent that this Court's order at summary judgment dismissed Plaintiff's complaint in No. 11-281 without prejudice to him refiling after paying the appropriate fee.   (No. 11-281 at ECF No. 113).   This Court therefore informed Plaintiff that he was permitted to file a new complaint, but noted in so permitting Plaintiff that many of his § 1983 claims were likely time-barred given the dismissal and intervening passage of time.   (No. 11-281 at ECF No. 113 at 3 n. 3).   Plaintiff thereafter paid the remaining filing fee for No. 11-281 and filed the instant complaint.   (ECF No. 1).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner who is seeking redress from governmental entities and their employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1]       "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

5

that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B.   Analysis

Plaintiff raises several claims in which he asserts that certain police officers and prosecutor's office employees violated his rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (unpublished) ("Section 1983 provides private citizens with a means to redress violations of federal law committed by state [actors]").   "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).   This Court construes the complaint as raising the following claims pursuant to § 1983: Fourth Amendment claims for illegal search, false arrest, false imprisonment, and malicious prosecution.

As this Court previously noted in its order permitting Plaintiff to pay the remaining filing fee and file this complaint, Plaintiff's § 1983 claims for illegal search, false arrest, and false

imprisonment are time-barred.   In New Jersey, actions brought pursuant to 42 U.S.C. § 1983 are subject to a two year statute of limitations.   *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (unpublished).   "Under federal law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).   The statute of limitations "is not tolled by the filing of a complaint [that is] subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (quotations omitted).   Where a plaintiff is eventually prosecuted, the statute of limitations for false arrest and false imprisonment run from the date on which the plaintiff "becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Claims for illegal search and seizure instead run from the time when the search occurred. *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (unpublished).

Here, Plaintiff's prior complaint was dismissed without prejudice, and therefore does not toll the statute of limitations.   Plaintiff's home was searched, and he was arrested in August 2009.   This Court also takes judicial notice, *see Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999), that Plaintiff initially pled guilty in his underlying criminal offense in October 2009 and that the New Jersey Law Division entered an order and opinion permitting Plaintiff to withdraw that plea on January 23, 2012. (*See* No. 11-281 at Document 1 attached to ECF No. 56).   Plaintiff had therefore been released or confined pursuant to legal process by October 2009.   Thus, the statute of limitations on Plaintiff's false arrest, false imprisonment, and illegal search claims had all begun to run before the end of 2009, approximately six years before the filing of Plaintiff's current complaint.   As

such, those claims are time-barred absent some basis for tolling the statute of limitations. *Wallace*, 549 U.S. at 397; *Woodson*, 503 F. App'x at 112; *Patyrak*, 511 F. App'x 195. This Court perceives no such basis for tolling the statute of limitations in this matter, and as such will dismiss Plaintiff's claims for illegal search, false arrest, and false imprisonment as time-barred.

Plaintiff's malicious prosecution claim is somewhat more problematic. Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). To state a claim for malicious prosecution, a Plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

In his current complaint, Plaintiff provides no information as to the termination of the criminal proceedings he challenges. He certainly provides no allegations that the matter terminated in his favor. As such, Plaintiff has failed to state a claim for malicious prosecution, and Plaintiff's complaint must therefore be dismissed without prejudice.

**III. CONCLUSION**

For the reasons stated above, Plaintiff's complaint shall be DISMISSED as time-barred and for failure to state a claim for which relief may be granted.   An Appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

9