*NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LEROY MOORE, | : | |
| | : | Civil Action No. 15-6751 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MIDDLESEX COUNTY PROSECUTOR'S | : | |
| OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge:

Currently before the Court are the motions (ECF Nos. 17, 36) of Defendants seeking to dismiss the complaint of Plaintiff, Leroy Moore, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed responses to both motions. (ECF Nos. 23, 38). Also before this Court is Plaintiff's request for leave to file an interlocutory appeal. (ECF No. 35). For the following reasons, this Court will grant Defendants' motions, will dismiss all of Plaintiff's remaining claims without prejudice for failure to state a claim for relief, and will deny Plaintiff's request as moot in light of the dismissal of his remaining claims.

**I. BACKGROUND**

As this Court has previously summarized the basic factual assertions made by Plaintiff in his complaint and amended complaint, only a brief recitation of the background facts and procedural history of this matter is necessary for the purpose of deciding the motions currently

before this Court. Following this Court's prior screening orders and opinions (ECF Nos. 2-3, 10, 14), only a single claim remains in this case: Plaintiff's assertion that Defendants Celentano and Laspino maliciously instituted prosecutorial proceedings against him in violation of his constitutional rights, brought pursuant to 42 U.S.C. § 1983. That claim arises out of the following factual background.

On August 28, 2009, while conducting a search of Plaintiff's home, police officers, including Defendants Celentano and Laspino, arrested Plaintiff for various drug related charges. (*See* Criminal Complaint, Document 4 attached to ECF No. 17 at 35-36). One of the charges filed against Plaintiff was that he possessed cocaine with the intent to distribute it within 1000 feet of "Nathan Hale Elementary School" on August 28, 2009. (*Id.*). These charges were filed against Plaintiff by way of a complaint signed by Defendant Celentano. (*Id.*). In August of 2012, the Middlesex County Prosecutor's Office sought and obtained an indictment against Plaintiff for numerous drug charges, including charges that Plaintiff possessed with the intent to distribute cocaine within 1000 feet of a school on August 28, 2009. (Indictment, Document 4 attached to ECF No. 17 at 38-42). The indictment, however, listed the particular school as the Columbus Elementary School, rather than the Nathan Hale Elementary School. (*Id.* at 41). Neither the complaint nor the indictment list the exact street address where Plaintiff was arrested or where the underlying conduct occurred. (*Id.* at 35-42).

On May 24, 2013, Plaintiff pled guilty to some, but not all of the charges raised in that indictment. (*See* Judgment of Conviction, Document 4 attached to ECF No. 17 at 44-47). Among the charges to which Plaintiff pled guilty, however, was count 14 of the indictment, which charged Plaintiff with possession with intent to distribute cocaine within 1000 feet of Columbus

Elementary School. (*Id.*). Plaintiff was sentenced for these guilty pleas on October 31, 2013. (*Id.*). Plaintiff does not suggest that he has in any way invalidated these convictions. In his most recent amended complaint and briefs, however, Plaintiff attempts to assert that he was never indicted nor convicted of the charge Celentano raised in his complaint – possession of cocaine within 1000 feet of Nathan Hale Elementary, and thus received a favorable termination as to that charge. (*See, e.g.,* ECF No. 12).

## II. DISCUSSION

### A. Legal Standard

In ruling on a motion to dismiss filed under Rule 12(b)(6), the Court "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "'sufficient factual matter' to show that [its] claim[s] [are] facially plausible." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting, in full, *Iqbal*, 556 U.S. at 678).

3

**B. Analysis**

**1. Whether the Court can consider the Documents Supplied by Defendants without converting their motions into motions for summary judgement**

Before turning to the merits of Defendants' motions to dismiss, this Court must first determine whether it can consider the documents provided by Defendants without first converting their motions into motions for summary judgment. As the Third Circuit has explained,

> "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996), *superseded on other grounds by* PSLRA, 15 U.S.C. § 78u-4(b)(2)). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Id.*

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Third Circuit has likewise held that publically available court transcripts which are directly related to the issues at hand may be considered without converting a motion to dismiss into a motion for summary judgment as such

transcripts qualify as matters of public record. *See, e.g., Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

In this matter, Defendants have submitted copies of the criminal complaint filed against Plaintiff by Celentano in 2009, Plaintiff's 2012 indictment, Plaintiff's judgment of conviction on that indictment, and a transcript of Plaintiff's plea hearing in the Superior Court of New Jersey in which Plaintiff pled guilty to, *inter alia*, possession of cocaine with intent to distribute within 1000 feet of Columbus Elementary School in support of their motions to dismiss. In his various amended complaints, Plaintiff has directly referenced, and indeed attached, portions of Celentano's complaint and his indictment in support of his claims. (ECF Nos. 9, 12). Plaintiff has likewise directly referenced his plea hearing and guilty plea and sentence in his most recent amendment. (ECF No. 12 at 2). Thus, given that Plaintiff's plea hearing is a matter of public record, and Plaintiff has clearly provided and relied on the information contained in the complaint, indictment, and judgment of conviction, this Court is free to consider the plea hearing transcript, criminal complaint, indictment, and judgment of conviction in deciding these motions to dismiss without having to convert them into motions for summary judgment. *Schmidt*, 770 F.3d at 249; *Sands*, 502 F.3d at 268.

### 2. Plaintiff's Malicious Prosecution Claim Must be Dismissed

Following this Court's prior screenings, only one claim remains in this case: Plaintiff's claim that Defendants Celentano and Laspino maliciously prosecuted him in violation of his constitutional rights, a claim brought pursuant to 42 U.S.C. § 1983. In his brief in response to the

first motion to dismiss, however, Plaintiff specifically states that he does not oppose the motion to dismiss as to Defendant Laspino, and essentially wishes to abandon that claim and seek redress only against Defendant Celentano. (ECF No. 23 at 1-3). This Court will therefore dismiss Plaintiff's claim as to Laspino without prejudice as Plaintiff has chosen to abandon that claim. The question that remains before this Court, then, is whether that claim must also be dismissed as to Celentano, the sole remaining Defendant.

As this Court previously explained to Plaintiff, a § 1983 claim for malicious prosecution has the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (quoting, in full, *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). Thus, that the proceedings in question terminated in Plaintiff's favor is a requirement and prerequisite for the bringing of a malicious prosecution claim. *Id.*

In order for the conclusion of a criminal matter to qualify as a favorable termination, the "criminal case must have been disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). Where the prior case terminated in a manner not indicative of innocence, no favorable termination occurred. *Id.* The Third Circuit has thus suggested that favorable termination can be shown where a grand jury refuses to indict, the prosecution formally abandons the charges, the indictment or information is quashed, the defendant is acquitted, or the defendant receives a favorable final order from the trial or appellate

courts disposing of his case. *Id.*; *see also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). The favorable termination element, however, applies to a "proceeding" and not a particular charge or offense, and the Third Circuit has therefore held that an acquittal on one charge will not satisfy the favorable termination element where the criminal defendant was convicted on a different charge arising out of the same conduct. *Kossler*, 564 F.3d at 187-89.

Defendants argue that Plaintiff's malicious prosecution claim must be dismissed as to Defendant Celentano because Plaintiff ultimately pled guilty to possession with intent to distribute within 1000 feet of a school, albeit Columbus Elementary rather than Nathan Hale Elementary school, and thus was, at the very least, convicted of a charge which arose out of the same conduct as that raised in Celentano's complaint – Plaintiff's possession of cocaine when he was arrested following a search of his home on August 28, 2009. As a result, Defendants argue, Plaintiff's case did not terminate in a fashion indicative of his innocence, and he did not receive a favorable termination under the rubric set forth in *Kossler*.

Plaintiff in turn argues that he was never actually indicted based on the events claimed in Celentano's complaint, that Celentano's complaint deals with an alleged fiction that Plaintiff was arrested at his home rather than in another location several blocks away, and that he could not be in two places at once. Plaintiff's argument rests entirely on his assertions that he was actually arrested at this other location, that Celentano's complaint is based on this other location, and that the indictment instead dealt with his allegedly fabricated arrest at his home. Initially, this Court must note that neither the complaint nor the indictment specify the place at which Plaintiff possessed with intent to distribute cocaine, instead both specify that he did so on August 28, 2009, within 1000 feet of a school. The two documents, do, however, specify two different schools,

7

which are about a mile apart from one another, Nathan Hale Elementary and Columbus Elementary, both of which are in Carteret, New Jersey. (Document 4 attached to ECF No. 17 at 35-42). In pleading guilty to the count of the indictment charging him with possession within 1000 feet of Columbus Elementary, Plaintiff admitted to both the possession and his having been within 1000 feet of the school, and thus essentially admitted to his having been arrested at his home rather than the other location, which Plaintiff essentially admits in his briefing in stating that his home, and not the other location, are within 1000 feet of Columbus Elementary. (Document 3 attached to ECF No. 36 at 44-45).

Plaintiff's argument rises and falls with his contention that the complaint and his guilty plea concerned entirely separate events. Plaintiff contends that Count 12 of the indictment, possession with intent to distribute, dealt with the events charged by Celentano, but that he pled to Count 14, which charged him with being within 1000 feet of a school, which he now contends never happened and to which he only pled guilty because he was forced to by the alleged underhanded actions by Defendants. Plaintiff's contentions, however, are utterly without support in Celentano's complaint and the indictment. Celentano's complaint charges Plaintiff with various crimes occurring on August 28, 2009. The indictment charges these same crimes, including drug possession, possession of a weapon, and possession of a police scanner, on that same date. Other than the change in the name of the school charged and some of the weights involved, they clearly deal with the same pattern of events, and thus the complaint and indictment concern the same basic conduct. Plaintiff pled guilty to one of the charges arising out of that conduct – possession with intent to distribute within 1000 feet of a school – and thus has not received a favorable termination as his criminal matter did not terminate in a manner suggesting

8

his innocence. *See Kossler*, 564 F.3d at 187-89. That Celentano may have named the wrong school in his original complaint does not change that outcome. In making his arguments, Plaintiff attempts to parse his indictment and the prior complaint in a way which splits hairs entirely too finely, and makes distinctions which are not present in the documents themselves. Because Plaintiff pled guilty to the possession within 1000 feet of a school charge, he did not receive a favorable termination, and his claim must therefore be dismissed without prejudice at this time.[1]

Indeed, in making his argument, Plaintiff exposes that his challenge goes directly to the heart of the logic behind requiring the favorable termination element. In opposing the motion to dismiss, he specifically states that his claims are based on the allegation that he was not actually arrested at his home, but rather in a different location, and that his conviction was based off of false information, false reports, and false facts presented to a grand jury placing him at his home at the time of his arrest. Plaintiff essentially directly alleges that his entire criminal prosecution was the result of false facts asserted by Celentano, and argues facts which, if proven true, would undermine the validity of his guilty plea to possession with intent to distribute within 1000 feet of a school, implicating the *Heck* doctrine which resulted in the adoption of the favorable termination requirement in the first instance. *See Kossler*, 564 F.3d at 187-89; *see also Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Thus, it is clear from Plaintiff's complaints, the documents Plaintiff and Defendants have provided which this Court may consider as explained above, and Plaintiff's own allegations in opposition to the motions to dismiss, that Plaintiff has not received a favorable termination. This Court will therefore dismiss Plaintiff's sole remaining claim, malicious

---

[1] Because the Court reaches this conclusion, it need not address Defendants argument that, if Plaintiff did receive a favorable termination in May 2013, his claims are time barred.

prosecution as to Defendants Laspino and Celentano, without prejudice for failure to state a claim for which relief may be granted.

3. **Plaintiff's request for leave to file an interlocutory appeal**

Also before this Court is Plaintiff's request (ECF No. 35) for leave to file an interlocutory appeal of this Court's screening Order (ECF No. 3) which dismissed Plaintiff's non-malicious prosecution claims as time barred. Because this Court has now disposed of Plaintiff's last remaining claim by determining that Plaintiff has not received a favorable termination and thus cannot state a claim for malicious prosecution until such time as he has had his guilty plea invalidated, Plaintiff's request for leave to file an interlocutory appeal is moot as the order accompanying this opinion will essentially be a final order and Plaintiff will no longer require leave to appeal this Court's orders as to his current complaint.

## III. CONCLUSION

For the reasons stated above, this Court will grant Defendants' motion to dismiss, dismiss all of Plaintiff's remaining claims without prejudice for failure to state a claim for which relief may be granted, and will deny Plaintiff's request for leave to file an interlocutory appeal as moot. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge